IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br><br>SUBPOENA FOR ATTENDANCE OF WITNESS<br><br>FULTON COUNTY SPECIAL PURPOSE GRAND JURY | Civil Action File No. |

**NOTICE OF REMOVAL PURSUANT
TO 28 U.S.C. § 1442**

**COMES NOW**, United States Congressman Jody Hice ("Congressman Hice") to file this notice of removal of this action to the United States District Court for the Northern District of Georgia, and sets forth the following grounds for removal:

1. On January 20, 2022, the Fulton County District Attorney requested the Chief Judge of the Superior Court of Fulton County to convene the entire Fulton County Superior Court to consider the District Attorney's request for a special purpose grand jury. If approved, the purpose would be to investigate "the facts and circumstances relating directly or indirectly to the possible attempts to disrupt the lawful administration of the 2020 elections in the State of

1

Georgia." (Exhibit A). Any recommendations would be provided in a report submitted at the conclusion of the special grand jury.

2. Four days later, on January 24, 2022, the Chief Judge granted authorization for a special purpose grand jury. (Exhibit B).

3. The Special Grand Jury was selected and sworn in on May 2, 2022.[1]

4. On June 29, 2022, United States Congressman Jody Hice ("Congressman Hice") received service of a subpoena issued by the Fulton County District Attorney's Office. Said subpoena requests his attendance and testimony before the special grand jury on July 19, 2022. (Exhibit C).

5. The aforementioned action falls wholly within the jurisdictional process outlined in the federal officer removal statute, 28 U.S.C. § 1442. The subpoena at issue is a "civil action or criminal prosecution that is commenced in a State court" and that is "directed to" a member of Congress. *Id.* § 1442(a)(4). Further, [t]he terms 'civil action' and 'criminal prosecution' include any . . . subpoena for testimony or documents[.]" *Id.* § 1442(d). Congressman Hice has been "an officer of either House of Congress" since January 2015. *Id.* § 1442(a)(4).

---

[1] https://www.ajc.com/news/atlanta-news/fulton-prosecutors-to-begin-jury-selection-for-trump-probe/IGCWQKPRVBDWRKNAI7LNQAMHJI/

6. Federal case law has been consistent on the far-reaching application of the federal officer removal statute. In 2020, a claim for breach of contract against former Congressman Ted Yoho of Florida involving his official duties was removed from Levy County Court to the United States District Court for the Northern District of Florida. *Goodnow v. Third Cong. Dist. of Fla.*, 2021 U.S. Dist. LEXIS 96122. There, the court opined that "the federal officer removal statute is 'liberally construed' in favor of granting federal officers and agencies . . . access to a federal forum in which to litigate the merits of defenses arising from their official duties." *Id.* at 2.

7. Courts have even extended the use of the federal officer removal statute to the official actions of staff members. In 2012, Mr. Daniel McLean was employed by Senator Bernie Sanders of Vermont. R.L. Vallee, Inc. ("Vallee") was a defendant in a state court civil action after it was accused of gasoline price fixing. *McLean v. R.L. Vallee, Inc.*, 2019 U.S. Dist. LEXIS 92967. During his time in the Office of Senator Sanders, Mr. McLean was involved in information gathering and public hearings related to the complicated practice of gasoline price fixing. Vallee filed a subpoena seeking numerous documents from both Mr. McLean and the Office of Senator Sanders related to official meetings regarding gasoline price fixing discussions. *Id*. Pursuant to 28 U.S.C. § 1442, both Mr.

McLean and the Office of Senator Sanders were able to remove these subpoenas to the United States District Court for the District of Vermont. *Id*.

8. And lastly, in *Brown & Williamson Tobacco Corp. v. Williams*, state-issued subpoenas to two Members of the House of Representatives were appropriately removed to federal court and that decision was upheld by the D.C. Circuit Court of Appeals. *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408 (D.C. Cir. 1995). In that case, the court held that the underlying purpose of the federal officer removal statute "was designed to carry out a congressional intent 'that federal officers, and indeed the Federal Government itself, [have] the protection of a federal forum,' and that therefore 'this policy should not be frustrated by a narrow, grudging interpretation.'" *Id*. at 413 (quoting *Willingham v. Morgan*, 395 U.S. 402, 407). Further, the court went on to apply a broad definition to the terms outlined in the statute, specifically opining that "'civil action, 'against,' or 'act'" are "meant to refer to *any proceeding* in which state judicial civil power was invoked against a federal officer." *Id*. at 416 (emphasis added)

9. Since Congressman Hice is a member of the United States House of Representatives and is being asked to testify pursuant to a state-issued subpoena, the federal officer removal statute should apply, and this action should therefore

be removed to the United States District Court for the Northern District of Georgia.

Respectfully submitted this __ day of July, 2022.

**THE GOBER GROUP PLC**

By: *s/ Loree Anne Paradise*
    Loree Anne Paradise
    Georgia Bar No. 382202
    14425 Falconhead Blvd., Building E-100
    Austin, TX 73738
    512-534-1787
    lap@gobergroup.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief was prepared double-spaced in 13-point Book Antiqua font, approved by the Court in Local Rule 5.1(C).

*s/ Loree Anne Paradise*
Loree Anne Paradise

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served upon the following by email:

Fani T. Willis
Michael Hill
Office of the Fulton County District Attorney
136 Pryor St. SW
3rd Floor
Atlanta, GA  30303
Mike.Hill@fultoncountyga.gov

Dated this 15th day of July, 2022.

                                    *s/ Loree Anne Paradise*
                                    Loree Anne Paradise