**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

IN RE:

SUBPOENA FOR ATTENDANCE OF
WITNESS

FULTON COUNTY SPECIAL
PURPOSE GRAND JURY

Civil Action File No. 1:22-cv-02794-LMM

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO QUASH**

**INTRODUCTION**

Fulton County District Attorney Fani T. Willis has issued a subpoena to

the Hon. Jody Hice, the United States Representative for Georgia's Tenth

Congressional District, to appear in person as a witness before a Special Purpose

Grand Jury on July 19, 2022. (Exhibit A, *hereinafter*, the "Subpoena"). Although it

is unclear what specific information the District Attorney may be seeking from

Congressman Hice, the Grand Jury reportedly is investigating the response to the

2020 presidential election and inquiries by various public officials and concerned

1

citizens into alleged election irregularities. *See*, *e.g.*, Joe Henke, *These People Have Been Subpoenaed in Trump Election Interference Probe*, 11ALIVE.COM (Jun. 1, 2022).[1]

The Subpoena should be quashed for two reasons:

*First*, the Subpoena violates the U.S. Constitution's Speech or Debate Clause. *See* U.S. Const., art. I, § 6, cl. 1. Insofar as the Subpoena appears related to Congressman Hice's inquiries into alleged irregularities in the 2020 election, the Constitution and implementing statute charges Congress with certifying the results of presidential elections. *See* U.S. Const., amend. XII; 3 U.S.C. § 15. Therefore, Congressman Hice was acting squarely within his Congressional jurisdiction and his actions may "not be questioned" in any legal proceeding. U.S. Const., art. I, § 6, cl. 1.

*Second*, under the "high-ranking official" doctrine, the District Attorney "bears the burden of providing extraordinary circumstances": specifically, that she is unable to obtain the information sought from alternative sources. *In re United States (Bernanke)*, 542 F. App'x 944, 948 (Fed. Cir. 2013); *Fair Fight Action v. Raffensperger*, 333 F.R.D. 689 (N.D. Ga. 2019). Here, given the likely availability of other witnesses that the District Attorney may call to obtain the same

---

[1] https://www.11alive.com/article/news/politics/fulton-county-special-grand-jury-trump-election-probe/85-dd589b20-01c3-49c6-b7db-62b53f10898a

information that could be elicited from Congressman Hice, it is unlikely that the

Subpoena can be justified.

## ARGUMENT

I.      **The Speech Or Debate Clause Requires That The Subpoena Be Quashed**

The U.S. Constitution provides that "for any Speech or Debate in either

House" members of Congress "shall not be questioned in any other Place." U.S.

Const., art. I, § 6, cl. 1. "The Speech or Debate Clause has been read broadly to

effectuate its purposes." *Doe v. McMillan*, 412 U.S. 306, 311 (1973) (internal

quotation marks and citations omitted). Chief among those purposes is

"reinforcing the separation of powers," *Eastland v. U.S. Serviceman's Fund*, 421

U.S. 491, 502 (1975) (internal quotation marks and citation omitted), and

"preserv[ing] the constitutional structure of separate, coequal, and independent

branches of government," *United States v. Helstoski*, 442 U.S. 477, 491 (1979).

The American constitutional structure of government protects the federal

government against encroachment by state government. *See*, *e.g.*, *McCulloch v.*

*Maryland*, 17 U.S. 316 (1819). Accordingly, the Speech or Debate Clause has been

applied to protect members of Congress from subpoenas issued by state

authorities. *See*, *e.g.*, *Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408,

412, 421 (D.C. Cir. 1995) (holding that the Speech or Debate Clause barred

enforcement of a subpoena issued by a state court against members of Congress).

Relevant to this matter, other key features of the Speech or Debate Clause

are that:

- It has been applied specifically to protect against being compelled to

  appear before a grand jury, *Gravel v. United States*, 408 U.S. 606, 627-28

  (1972);

- It protects all "matters which the Constitution places within the

  jurisdiction of either House," *id. a*t 625;

- It protects investigatory activities carried out by Congress, including by

  individual members, in the scope of their official responsibilities,

  *Eastland*, 421 U.S. at 501, 504;

- In applying the Speech or Debate Clause to protected congressional

  activities, it is not for courts to second-guess the "motives alleged to

  have prompted" the activities, whether the activity was "unworthy,"

  the "wisdom of congressional approach or methodology," or whether

  there was a "predictable end result" in the case of a "legislative

  inquiry," *id*. at 508;

- ▪ "Congressmen . . . are immune from liability for their actions within the legislative sphere, even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes," *Doe*, 412 U.S. at 312-13.

To the extent that the Subpoena appears to relate to Congressman Hice's inquiries into alleged irregularities that occurred during the 2020 presidential election, the Subpoena must be quashed. Certification of the presidential election is a function that falls squarely within the Speech or Debate Clause's protection because the "Constitution [and statute] places the function within the jurisdiction" of Congressman Hice. *Gravel*, 408 U.S. at 625; U.S. Const., amend. XII; 3 U.S.C. § 15; *see also* National Archives and Records Administration, The 2020 Presidential Election, Provisions of the Constitution and U.S. Code,[2] Preface ("In January, Congress sits in joint session to certify the election of the President and Vice President."). Accordingly, any discussions that Congressman Hice may have had with individuals or organizations that had information on, or an interest in investigating, alleged irregularities in the election were within his congressional authority. Simply put, Congressman Hice had a right and a duty to

---

[2] https://www.archives.gov/files/electoral-college/state-officials/presidential-election-brochure.pdf

inform himself and colleagues about any allegations relating to the election so that he could properly vote on whether to certify the election in his capacity as a member of Congress.

Under the Speech or Debate Clause, this investigatory activity by Congressman Hice is categorically shielded from any legal proceedings and inquiry, regardless of what any judge or prosecutor may think about the merits of the activity. *Eastland*, 421 U.S. at 501, 504, 508.

## II.    The "High-Ranking Official" Doctrine Requires That The Subpoena Be Quashed

Under the "high-ranking official" doctrine, "the practice of calling high officials as witnesses should be discouraged." *Fair Fight Action*, 333 F.R.D. at 692 (internal quotation marks and citations omitted). "[A]bsent extraordinary circumstances," high-ranking officials should not "be called to testify regarding their reasons for taking official actions." *In re United States* (*Kessler*), 985 F.2d 510, 512 (11th Cir. 1993). This is because "[h]igh ranking government officials have greater duties and time constraints than other witnesses . . .. In order to protect officials from the constant distraction of testifying in lawsuits, courts have required that [litigants] show a special need or situation compelling such testimony." *Id.*

"The exceptional circumstances requirement is considered met when high-ranking officials have direct personal factual information pertaining to material issues in an action *and* the information to be gained is not available from any other sources, such as lower-level officials." *Fair Fight Action*, 333 F.R.D. at 693 (emphasis added) (internal quotation marks and citations omitted). Note that, unlike in some other jurisdictions that appear to hold that the "exceptional circumstances" requirement is met merely on the basis of a high-ranking official having first-hand knowledge of a matter,[3] the Northern District of Georgia also requires that the information sought cannot be obtained from any other source. *See id.*; *see also Warshauer v. Chao*, No. 4:06-CV-0103-HLM, 2007 WL 9724338, at *1 (N.D. Ga. May 7, 2007) ("before the involuntary depositions of high ranking government officials will be permitted, the parties seeking the depositions must demonstrate that the particular official's testimony will likely lead to the discovery of admissible evidence and is essential to that party's case. *In addition*, the evidence must not be available through an alternative source or via less burdensome means.") (cleaned up, internal citations omitted, emphasis added).

---

[3] *See, e.g.*, *Moriah v. Bank of China*, 72 F. Supp. 3d 437, 440 (S.D.N.Y. 2014).

Under the "high-ranking official" doctrine, the District Attorney in this matter "bears the burden of providing extraordinary circumstances." *Bernanke*, 542 F. App'x at 948.

Members of Congress are "high-ranking officials." *See Feldman v. Bd. of Educ., School Dist. #1 City and County of Denver*, No. 09-cv-01049-REB-MJW, 2010 WL 383154, at *1 (D. Colo. Jan. 28, 2010); *see also Moriah*, 72 F. Supp. 3d at 439-40. Therefore, under the authorities discussed above, the District Attorney bears the burden of demonstrating that Congressman Hice not only has first-hand knowledge of the information sought, but also that the information may not be obtained from other sources, such as other individuals who may have been in discussions or meetings that are of interest to the District Attorney, who are not high-ranking officials. It is unlikely that she will be able to show such extraordinary circumstances.

## CONCLUSION

For the reasons stated above, the subpoena to Rep. Jody Hice should be

quashed.


Respectfully submitted this 18th day of July, 2022.

THE GOBER GROUP PLC


By:   *s/ Loree Anne Paradise*
Loree Anne Paradise
Georgia Bar No. 382202
14425 Falconhead Blvd., Building E-100
Austin, TX 73738
512-534-1787
lap@gobergroup.com

9

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief was

prepared double-spaced in 13-point Book Antiqua font, approved by the Court

in Local Rule 5.1(C).

*s/ Loree Anne Paradise*
Loree Anne Paradise

## CERTIFICATE OF SERVICE

I hereby certify the foregoing was served upon the following by email:

Fani T. Willis
Michael Hill
Office of the Fulton County District Attorney
136 Pryor St. SW
3rd Floor
Atlanta, GA  30303
Mike.Hill@fultoncountyga.gov

Dated this 18th day of July, 2022.

*s/ Loree Anne Paradise*
Loree Anne Paradise
