# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

IN RE:

SUBPOENA FOR ATTENDANCE OF
WITNESS

FULTON COUNTY SPECIAL
PURPOSE GRAND JURY

Civil Action File No. 1:22-cv-02794-LMM

## RESPONSE IN OPPOSITION TO MOTION TO QUASH

## INTRODUCTION

The Hon. Jody Hice, the United States Representative for Georgia's Tenth
Congressional District, has filed a Notice of Removal and Motion to Quash
relating to a subpoena served upon him to appear as a witness before the Fulton
County Special Purpose Grand Jury on July 19, 2022. (*See* Movant's
Memorandum of Points and Authorities in Support of Motion to Quash, Exhibit
A). The Congressman asserts that the Speech or Debate Clause of the United
States Contitution, as well as the "high-ranking official" doctrine recognized in
federal courts, provide a basis for this Court to quash his subpoena and excuse
him from testifying. Fulton County District Attorney Fani T. Willis, in her
capacity as the legal advisor to the Fulton County Special Purpose Grand Jury,

responds that the Congressman's suggested interpretation of the Speech or Debate Clause is plainly overbroad. Additionally, the "high-ranking official" doctrine does not apply and provides no basis for quashal in these circumstances. For these reasons, the District Attorney respectfully requests that this Court deny the Congressman's motion and remand this matter to the Superior Court of Fulton County in preparation for Congressman Hice's compliance with his lawfully issued subpoena.

## ARGUMENT

I.   **The Speech or Debate Clause Does Not Provide a Basis for Quashing the Subpoena**

The Speech or Debate Clause of the U.S. Constitution provides that "for any Speech or Debate in either House," members of Congress "shall not be questioned in any other Place." U.S. Const., art. I, § 6, cl. 1. "The Speech or Debate Clause was designed to assure a co-equal branch of the government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch. It thus protects Members against prosecutions that directly impinge upon or threaten the legislative process." *United States v. Gravel*, 408 U.S. 606, 616 (1972). However, the Supreme Court has held that "[i]n no case has this Court ever treated the Clause as protecting all conduct *relating* to the legislative

process." *United States v. Brewster*, 408 U.S. 501, 515 (1972) (emphasis original).

"[T]he Speech or Debate Clause must be read broadly to effectuate its purpose of protecting the independence of the Legislative Branch, but no more than the statutes we apply, was its purpose to make Members of Congress super-citizens, immune from criminal responsibility." *Id.* at 516. This is because

> We would not think it sound or wise, simply out of an abundance of caution to doubly insure legislative independence, to extend the privilege beyond its intended scope, its literal language, and its history, to include *all things in any way related to the legislative process*. Given such a sweeping reading, we have no doubt that there are few activities in which a legislator engages that he would be unable somehow to "relate" to the legislative process.

*Id.* (emphasis added).

Congressman Hice's suggested interpretation of the scope of the Clause's protection is precisely the sort of overbroad application which the Supreme Court has declined to adopt. The Congressman asserts that his subpoena "must be quashed" to the extent that it "appears to relate to Congressman Hice's inquiries into alleged irregularities that occurred during the 2020 presidential election." *See* Memorandum at 5. He claims that, because Members of Congress play a role in the counting of electoral votes, "any discussions that Congressman Hice may have had with individuals or organizations that had information on, or an interest in investigating, alleged irregularities in the election were within his

congressional authority." *Id.* These terms can be read to encompass nearly every conversation the Congressman has ever had regarding the election: "discussions" with "individuals or organizations" who had information or even merely "an interest in investigating" any matters related to the election. The Congressman improperly requests that this Court enjoin the special purpose grand jury from posing him questions "with respect to any act, 'in the broadest possible sense,' performed by him" relating to his actions as a Congressman. *See Gravel*, 408 U.S. at 627. As has been made clear, this interpretation "overly restricts the scope of grand jury inquiry." *Id.* at 627-28.

The Supreme Court in *Gravel* clarified that the nature of the proceeding from which the Congressman's subpoena arises—such as a special purpose grand jury convened to investigate possible criminal disruptions to the administration of elections— affects the application of the Speech or Debate Clause. In *Gravel*, the Supreme Court evaluated whether a grand jury could subpoena a Senator's aide for questioning in an investigation of third-party criminal conduct, ultimately concluding that the Speech or Debate Clause does not protect a Congressman from testifying before a grand jury about sources of information used in preparation for legislative acts. "The grand jury, therefore, if relevant to its investigation into the possible violations of the criminal law, and

absent Fifth Amendment objections, may require from [the Senator's aide] answers to questions relating to his or the Senator's arrangements, if any, with respect to republication or with respect to third-party conduct under valid investigation by the grand jury, as long as the questions do not implicate legislative action of the Senator." *Id.* at 628. The Court held that the grand jury could question the Senator's aide about his or the Senator's actions even "in *preparation* for the subcommittee hearing" so long as they were relevant to the grand jury's criminal inquiry. *Id.* at 629 (emphasis added). The holding applied equally to the Senator and to his aide; the Court "refus[ed] to distinguish between Senator and aide in applying the Speech or Debate Clause." *Id.* at 622. Put simply, Speech or Debate Clause protection "does not prohibit inquiry into illegal conduct simply because it has some nexus to legislative functions." *Brewster*, 408 U.S. at 528. It is thus well settled that, in a criminal investigation such as the one conducted by the special purpose grand jury, third-party communications are not protected by legislative privilege so long as they relate to investigations of possible third-party crimes.

Beyond the nature of the underlying investigation, the Supreme Court has also made clear that a host of activities ostensibly "related" to legislative acts are not protected by the Speech or Debate Clause.

> Members of the Congress engage in many activities other than the
> purely legislative activities protected by the Speech or Debate
> Clause. These include a wide range of legitimate "errands"
> performed for constituents, the making of appointments with
> Government agencies, assistance in securing Government contracts,
> preparing so-called "news letters" to constituents, news releases,
> and speeches delivered outside the Congress. The range of these
> related activities has grown over the years. . . . But it has never been
> seriously contended that these political matters, however
> appropriate, have the protection afforded by the Speech or Debate
> Clause.

*Brewster*, 408 U.S. at 512; *see also Gravel*, 408 U.S. at 625 ("That Senators generally

perform certain acts in their official capacity as Senators does not necessarily

make all such acts legislative in nature. Members of Congress are constantly in

touch with the Executive Branch of the Government and with administrative

agencies—they may cajole, and exhort with respect to the administration of a

federal statute—but such conduct, though generally done, is not protected

legislative activity."). Nor does the Clause "prohibit inquiry into activities that

are casually or incidentally related to legislative affairs but not a part of the

legislative process itself." *Brewster*, 408 U.S. at 528. Thus, a whole range of

activities are clearly outside the scope of the Clause's protection, including public

speeches and statements, media interviews, the making of appointments, and

communications with members of the Executive Branch. Merely saying it was

"within [the Congressman's] congressional authority" to have discussions with

anyone having "an interest in investigating" election matters, and that therefore any such communication is off limits, seeks to ignore the clear guidance of the Supreme Court.

The Speech or Debate Clause does not provide a basis for the quashal of Congressman Hice's subpoena. The Clause protects the Congressman from questions directed toward his official acts or the reasons for those official acts.[1] However, it does not extend to the entire universe of activity or communication "related" to some official act, particularly in the context of a grand jury investigation into possible criminal activities. The fact that the Congressman had a role to play in the certification of election results does not insulate him from questions having anything to do with the elections or purported "irregularities," and his Motion should be denied.

---

[1] The Superior Court, having already issued an order concerning the application of legislative privilege in matters before the Special Purpose Grand Jury, is capable of adjudicating any issues which might arise concerning the scope of the Speech or Debate Clause or other applicable privileges. The District Attorney requests that, as part of denying the Congressman's motion, this Court direct the Congressman to address any future concerns regarding such issues with the Superior Court.

## II.     The "High-Ranking Official" Does Not Apply to the Movant

As Congressman Hice observes, federal courts have indeed held that under the "high-ranking official" doctrine, "the practice of calling high officials as witnesses should be discouraged." *Fair Fight Action v. Raffensperger*, 333 F.R.D. 689, 692 (N.D.Ga. Dec. 5, 2019) (internal quotation marks and citations omitted). "[A]bsent extraordinary circumstances," high-ranking officials should not "be called to testify regarding their reasons for taking official actions." *In re United States* (*Kessler*), 985 F.2d 510, 512 (11th Cir. 1993). However, the "high-ranking official" doctrine does not apply to Congressman Hice in the present circumstances, and it does not provide a basis for quashing the subpoena.

As the Congressman's own authorities make clear, Eleventh Circuit decisions have traditionally applied the doctrine to *executive branch* officials, not legislators. "It has also been held that 'top *executive* department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions.'" *Fair Fight Action*, 333 F.R.D. at 692, *citing Kessler*, 985 F.2d at 512 (emphasis added). One reason for this interpretation should be obvious: Members of Congress are already traditionally protected from being "called to testify regarding their reasons for taking official actions" by the Speech or Debate Clause. Additionally, the reasons for extending the high-

ranking official doctrine to executive branch officers "do not apply with equal force to members of the House." *In re Subpoena Ad Testificandum Issued to Yoho*, No. 1:16-CV-188-MW/GRJ, U.S. Dist. LEXIS 72847, at *9; 2016 WL 3149728 (N.D.Fla. June 3, 2016). Members of Congress do not "oversee large, complex bureaucracies" or implement official actions "in activities across the nation." *Id.* at *10. Instead, a Member of Congress such as the movant manages a staff that "pales in comparison" to that of an executive agency and engages in activities "localized…to his district and Washington, D.C." *Id.* "Simply put, a 'federal common-law' rule such as the one used for agency heads seems inappropriate for members of the House when one considers the policy rationales behind the rule." *Id.*

Although Congressman Hice points to two cases where Members of Congress have been afforded the protection of the "high-ranking official" doctrine (*see* Memorandum at 8), neither of these cases are within the Eleventh Circuit, nor do they address the inapplicability of the doctrine's rationales to legislators. And, as observed in *Yoho*, extension of the doctrine to Congressmen appears even less appropriate when one considers that "the House already has a procedure for determining whether its efficient functioning demands that a member not respond to a subpoena." *Id.* Congressman Hice does not mention the

House procedure, or whether he has endeavored to comply with it, at all in his Memorandum.[2] In any case, the House procedure is in place in part to protect the House's proper functioning and application of the "high-ranking official" doctrine in the present case would "amount to a judicial intrusion into the affairs of a co-equal branch." *Id.* at \*11-12. For all of these reasons, the "high-ranking official" doctrine simply does not apply to Congressman Hice in these circumstances.

## CONCLUSION

For the reasons stated above, Congressman Jody Hice's Motion to Quash should be denied, and this matter should be remanded to the Superior Court of Fulton County in order for Congressman Hice to appear before the Special Purpose Grand Jury in compliance with his lawfully issued subpoena.

---

[2]      *See* Rule VIII – Response to Subpoenas, Rules of the House of Representatives, One Hundred Seventeenth Congress. The Rule directs that Members "shall comply" with the subpoena "consistently with the privileges and rights of the House." Again, this implies the protection of the Speech or Debate Clause is already contemplated. In any event, the Rule at part (2) requires a Member to make a "determination as to whether the issuance of the judicial subpoena or order is a proper exercise of jurisdiction by the court and is consistent with the privileges and rights of the House." Whether or not Congressman Hice has complied with other aspects of the Rule, by moving in this Court for quashal of his subpoena, he has clearly made such a determination.

Respectfully submitted this 21st day of July, 2022.

FANI T. WILLIS
DISTRICT ATTORNEY


By: *s/ F. McDonald Wakeford*
F. McDonald Wakeford
Chief Senior Assistant District Attorney
Atlanta Judicial Circuit
Georgia Bar No. 414898
136 Pryor Street SW, Third Floor
Atlanta, Georgia 30303
fmcdonald.wakeford@fultoncountyga.gov


## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing brief was

prepared double-spaced in 13-point Book Antiqua font, approved by the Court in

Local Rule 5.1(C).


*s/ F. McDonald Wakeford*
F. McDonald Wakeford

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify the foregoing was served upon the following by email:

Loree Anne Paradise
Attorney for Movant
The Gober Group PLC
14425 Falconhead Blvd., Building E-100
Austin, TX 73738
lap@gobergroup.com

Dated this 21st day of July, 2022.

*s/ F. McDonald Wakeford*

F. McDonald Wakeford
